## Case No. 302b.

### AMERICAN INS. CO. v. CANTER.

[3 Pet. (28 U. S.) 316.][1]

Circuit Court, D. South Carolina. 1892.[2]

ADMIRALTY—DECREE — DAMAGES TO RESPONDENT —PRACTICE.

[A respondent in an admiralty suit may raise the question of his damages, upon a remand of the cases, after affirmance by the supreme court of a decree which is silent upon that question.]

[See note at end of case.]

[In admiralty. The original libel in this case was by the American Insurance Com-

[1][Nowhere fully reported. The report here given was compiled from the report of the case in the supreme court. 3 Pet. (28 U. S.) 316.]

[2][Affirmed by supreme court in Canter v. American Ins. Co., 3 Pet. (28 U. S.) 308; but see note at end of case.]

pany against Three Hundred Fifty-Six Bales of Cotton, (David Canter, claimant.) From a decree for libelants (nowhere reported) both parties appealed, and this court reversed the decision, and decreed restitution. American Ins. Co. v. Canter, Case No. 302a. On libelants' appeal, this decree was affirmed by the supreme court. 1 Pet. (26 U. S.) 511. The case again came before this court upon the mandate from the supreme court and claimant's application for a reference to fix the amount of his damages was granted against libelant's protest (nowhere reported.) The hearing is now on the register's report. Decree for claimant. From this claimant appealed to the supreme court, where the decree was affirmed. Canter v. American Ins. Co., 3 Pet. (28 U. S.) 307. See note at end of case.

[The libelants entered their protest against the reference on the ground that the mandate gave no authority to inquire into damages; that none had been in fact awarded, either by the district, circuit, or supreme court; and that the libelants were not in any manner liable for damages. The register, notwithstanding the protests, proceeded to inquire into the damages, and made his report thereon to the circuit court, where the same grounds of objection were again taken by the libelants. The court, upon the hearing, asserted the right to inquire into the damages, as a matter undisposed of in the former decree, but denied any allowance of them upon the merits, and decreed costs and expenses only to the claimant.]

[NOTE. This decree of the circuit court is nowhere reported. On claimant's appeal, this decree was affirmed by the supreme court, on the ground that there was no authority to inquire into the question of damages. The court, per Mr. Justice Story, said that "the original decree of restitution, with costs, without any allowance of damages, or any express reservation of that question, was a virtual denial of damages, and a final decree as to the demand of damages set up by Canter in his original claim. * * * We wish it now to be understood by the bar, as the settled practice of this court, that wherever damages are claimed by the libelant or claimant in the original proceedings, if a decree for restitution and costs only passes, it is a virtual denial of damages; and the party will be deemed to have waived the claim for damages, unless he then interposes an appeal or cross appeal to sustain that claim. * * * As to the costs and expenses, we perceive no error in the allowance of them in the circuit court. They are not matters positively limited by law, but are allowed in the exercise of a sound discretion of the court; and, besides, it may be added that no appeal lies from a mere decree respecting costs and expenses." Canter v. American Ins. Co., 3 Pet. (28 U. S.) 307.]